**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLENN R. STEVENS,

        Petitioner - Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO, ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 01-1163
(No. 01-Z-376)
(District of Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

        Pro se petitioner Glenn R. Stevens, a Colorado state prisoner, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

the district court's denial of his petition for a writ of habeas corpus. We

conclude that Stevens has not made a substantial showing of the denial of a

---

    * The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

constitutional right, § 2253(c)(2), and we deny COA.

Stevens pleaded guilty to charges of aggravated robbery, conspiracy, and intimidation of a witness, and he is serving a term of twenty-three years imprisonment. In his habeas application, Stevens claims that he was deprived of his rights to due process and equal protection because he was convicted under state statutes that were published in the Colorado Revised Statutes without an enacting clause. While it is true that the Colorado Constitution requires inclusion of an enacting clause in and publication of each state law,[1] Stevens does not dispute that each of the statutes he was convicted under was published, with the enactment clause, in the Session Laws of Colorado. See Colo. Rev. Stat. § 24-70-223(1) (providing for such publication). We thus find Stevens' application to be without merit.

For substantially the reasons of the district court, the application for COA is **DENIED** , and the appeal is **DISMISSED** . Petitioner's motion to proceed in forma pauperis is **GRANTED** .

The mandate shall issue forthwith.

Entered for the Court,

---

[1] Colo. Const. art. V, § 18 ("The style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado'."); id. art. XVIII, § 8 ("The general assembly shall provide for the publication of the laws passed at each session thereof.").

Carlos F. Lucero
Circuit Judge